**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 4 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CESAR GARRIDO SANDOVAL, | No.   18-71427 |
| Petitioner, | Agency No. A209-820-325 |
| v. | |
| ROBERT M. WILKINSON, Acting Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 1, 2021**
Honolulu, Hawaii

Before:  CLIFTON, R. NELSON, and COLLINS, Circuit Judges.

Petitioner Cesar Garrido Sandoval petitions for review of the decisions of

the Immigration Judge ("IJ") and Board of Immigration Appeals ("BIA")

(collectively, "Agency") denying his claim for protection under the Convention

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT").[1] Because the BIA incorporated the IJ's decision without additional reasoning, we "review the IJ's decision to the extent incorporated." *Medina-Lara v. Holder*, 771 F.3d 1106, 1111 (9th Cir. 2014). Under the "extremely deferential" substantial evidence review, the court must uphold the factual findings of the BIA "unless any reasonable adjudicator would be compelled to conclude to the contrary." *Lianhua Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014) (citation omitted). We deny the petition.

To support his claim for CAT protection, Petitioner must show he would "more likely than not" face future torture if he were removed to Guatemala. *See Singh v. Whitaker*, 914 F.3d 654, 663 (9th Cir. 2019). The record does not compel finding a conclusion contrary to the Agency's that Petitioner failed to meet his burden to show he would be tortured if removed. *See id.*

In 2004, the Cabral and Lemus brothers threatened to kill Petitioner and his mother if Petitioner left his place of employment. Before Petitioner quit, another worker was found dead in a trash can. When Petitioner expressed his desire to leave his job, the Cabral and Lemus brothers again threatened Petitioner and his mother and then stabbed Petitioner in the abdomen. After quitting, however, Petitioner relocated within Guatemala and lived in the country for over a year

---

[1] Petitioner waived review of the denial of his asylum and withholding of removal claims because he failed to sufficiently raise either issue in his Opening Brief. *See Koerner v. Grigas*, 328 F.3d 1039, 1048 (9th Cir. 2003).

2

without further harm or contact from the brothers.  At the time of the IJ's decision, Petitioner's mother had been able to relocate and remain safely in Guatemala for over twelve years without harm or contact from the brothers.  When considering "all evidence bearing on the likelihood of future torture . . . including. . . past torture [and the] possibility of safe relocation,"[2] the record does not compel a conclusion different than that of the Agency.  *See Barajas-Romero v. Lynch*, 846 F.3d 351, 364 (9th Cir. 2017); *Lianhua Jiang*, 754 F.3d at 738 (citation omitted).

   **PETITION DENIED**.

---

[2] Petitioner argues on appeal that the Agency improperly placed a burden on him to show that it was impossible to relocate within Guatemala, contravening our holding in *Maldonado v. Lynch* that a petitioner has no such burden.  786 F.3d 1155, 1164 (9th Cir. 2015).  However, *Maldonado* does not preclude the Agency from considering the possibility of relocation in its analysis.  *Id.* at 1163–64 ("[8 C.F.R.] § 1208.16(c)(3) provides that, if such evidence [of the possibility of relocation] is relevant, it *must* be considered in assessing whether it is more likely than not that the petitioner would be tortured if removed." (emphasis added)).  Here, the Agency properly considered Petitioner's possibility of relocation based on his mother's successful relocation, and in doing so it did not place a burden on Petitioner to prove impossibility of relocation.